IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO JOHNSON,
FDOC Inmate No. 446897,
    Plaintiff,

vs.                                          Case No.: 5:16cv278/WTH/EMT

JULIE McCALL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). As directed by the court, Plaintiff subsequently filed an amended complaint, using the court's form for Section 1983 complaints (ECF No. 14), and he also moved for and was granted leave to proceed in forma pauperis (ECF Nos. 2, 5).

The court takes judicial notice that there are at least three cases previously filed by Plaintiff in the United States District Courts that have been dismissed as frivolous or for failing to state a claim upon which relief may be granted. Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" has been determined in another civil rights complaint he previously filed in the United States District Court for the Middle District of Florida, Johnson v. Sandlin, Case No. 3:09cv438-J-34TEM. As provided in that case:

> The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:05-cv-717-J-99MMH; (2) 3:05-cv-780-J-32MCR; and, (3) 3:06-cv-762-J-25MMH.
>     Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied and this action will be dismissed without prejudice.

Johnson v. Sandlin, Case No. 3:09cv438-J-34TEM, Dkt. No. 4 at 2 (May 18, 2009).

Thus, Plaintiff's status as a "three striker" is established.[1]

The court additionally notes that Plaintiff failed to disclose any of the cases cited above, despite the fact that the complaint form specifically directed him to disclose information regarding all prior civil cases filed in state and federal court (ECF

---

[1] The inmate number of the plaintiff in all the cited cases (#446897), as well as all other previous cases cited herein, is the same as Plaintiff's in this case.

Case No.: 5:16cv278/WTH/EMT

No. 14 at 3–5).**²**  This is the sort of false statement or omission that the court in the past has subjected prisoner complaints to dismissal as malicious or abusive of the judicial process, and the reason for this is underscored by the very fact in this case that Plaintiff's failure to disclose resulted in the court's initial failure to recognize that Plaintiff was subject to the three strikes provision.

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g).  For this exception to be met, the court must be able to determine from the complaint that the plaintiff is under imminent danger of serious physical injury.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  In so doing, the court must construe the complaint liberally and accept its allegations as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).

In the instant case, Plaintiff's complaint is devoid of any allegations suggesting that he is under imminent danger of serious physical injury.  Rather, his claims and

---

² Where he was instructed to disclose all previous cases that were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted, Plaintiff identified only one case that was filed in the United States District Court for the Southern District of Florida.  No case from the Middle District of Florida was identified anywhere on the complaint form.  The court also notes that there are additional cases previously filed in the Southern District, some of which were dismissed for failure to state a claim.  *See, e.g.*, Case Nos. 1:07cv22898-PAS; 1:05cv21473-FAM.

Case No.: 5:16cv278/WTH/EMT

allegations are concerned with a plea for clemency that he filed with the Defendant state officials which has been administered in a discriminatory manner. His claims in no way evidence physical injury and therefore do not meet the exception.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis. Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the suit*, his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 30th day of April 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 5:16cv278/WTH/EMT